UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CHRISTEL BILLHOFER, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>FLAMEL TECHNOLOGIES, SA, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 1:07-cv-09920-CSH<br><br>CLASS ACTION<br><br>MEMORANDUM IN SUPPORT OF THE MOTION OF CHRISTEL BILLHOFER FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL |

**I.      PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Flamel Technologies, SA ("Flamel" or the "Company") American Depository Receipts ("ADRs") between March 23, 2007 and August 22, 2007, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member Christel Billhofer hereby moves this Court for an Order to: (i) appoint Christel Billhofer as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve Christel Billhofer's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Christel Billhofer is the most adequate plaintiff, as defined by the PSLRA. Christel Billhofer suffered losses of $18,289.00 in connection with her purchases of Flamel ADRs during the Class Period. *See* Alba Decl. Ex. B.[1]  In addition, Christel Billhofer, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the putative class and that she will fairly and adequately represent the interests of the class.

---

[1] References to the "Alba Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated January 8, 2008 and submitted herewith.

- 1 -

**II.   FACTUAL BACKGROUND**[2]

Flamel is a biopharmaceutical company that develops polymer-based delivery technologies for medical applications. Its lead product is COREG CR for use in the treatment of moderate to severe congestive heart failure, left ventricular dysfunction following myocardial infarction and hypertension.

The complaint charges Flamel and certain of its officers and directors with violations of the Exchange Act. According to the complaint, throughout the Class Period, defendants made a series of false and misleading statements regarding the prospects for COREG CR. Specifically, the complaint alleges that defendants were in possession of undisclosed clinical trial data showing that COREG CR was no more effective than Coreg IR, the twice-daily version of the drug.

On August 23, 2007, in an article entilted "Flamel Technologies Shares Dive on Disappointing Coreg Study Results," the *Associated Press* reported that a study of its once-daily heart disease drug failed to show any benefit over the twice-daily version. On this news, Flamel's ADR price dropped from $12.68 to $9.56 per share. This decrease in Flamel's ADR price was a result of the artificial inflation caused by defendants' misleading statements coming out of the ADR price.

---

[2]   These facts are drawn from the allegations in the complaint entitled *Christel Billhofer vs. Flamel Technologies, SA, et al.*, Civil Action No. 1:07-cv-09920-CSH (the "*Billhofer* Action").

### III.    ARGUMENT

#### A.    Christel Billhofer Should Be Appointed Lead Plaintiff

##### 1.    The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Billhofer* Action caused the first notice regarding the pendency of this Action to be published on *Business Wire*, a national, business-oriented newswire service, on November 9, 2007. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Christel Billhofer Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act

#### a. Christel Billhofer Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on January 8, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on November 9, 2007), Christel Billhofer timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Christel Billhofer has duly signed and filed a certification stating that she is willing to serve as the representative party on behalf of the class. *See* Alba Decl. Ex. C. In addition, Christel Billhofer has selected and retained competent counsel to represent her and the class. *See* Alba Decl. Ex. D. Accordingly, Christel Billhofer has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have her application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

#### b. Christel Billhofer Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl. Ex. C., Christel Billhofer purchased Flamel ADRs in reliance upon the materially false and misleading statements issued by defendants and was injured thereby. In addition, Christel Billhofer incurred a substantial $18,289.00 loss on her transactions in Flamel ADRs. Christel Billhofer thus has a significant financial interest in this case. Therefore, Christel

Billhofer satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c.    **Christel Billhofer Otherwise Satisfies Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97 c 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997). Christel Billhofer satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are

- 5 -

typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Christel Billhofer satisfies this requirement because, just like all other class members, she: (1) purchased Flamel ADRs during the Class Period; (2) purchased Flamel ADRs in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Ms. Billhofer's claim is typical of those of other class members since her claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Christel Billhofer to represent the class to the existence of any conflicts between the interests of Ms. Billhofer and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Christel Billhofer is an adequate representative of the class. As evidenced by the injuries suffered by Ms. Billhofer, who purchased Flamel ADRs at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Ms. Billhofer are

clearly aligned with the members of the class, and there is no evidence of any antagonism between Ms. Billhofer's interest and those of the other members of the class. Further, Ms. Billhofer has taken significant steps which demonstrate that she will protect the interests of the class: she has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Ms. Billhofer's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Christel Billhofer *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.    The Court Should Approve Christel Billhofer's Choice Of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Christel Billhofer has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl. Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Christel Billhofer's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Christel Billhofer respectfully requests that the Court: (i) appoint Christel Billhofer as Lead Plaintiff in the Action; (ii) approve her selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  January 8, 2008                    COUGHLIN STOIA GELLER
                                             RUDMAN & ROBBINS LLP


                                            /s/ *Mario Alba Jr.*
                                           MARIO ALBA JR.

                                           SAMUEL H. RUDMAN
                                           DAVID A. ROSENFELD
                                           MARIO ALBA JR.
                                           58 South Service Road, Suite 200
                                           Melville, NY  11747
                                           Telephone:  631/367-7100
                                           631/367-1173 (fax)

                                           [Proposed] Lead Counsel for Plaintiffs and the Class

I:\Flamel\LP Motion\LP Memo.doc

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on January 8, 2008, I caused a true and correct copy of the attached:

> Notice of Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of Christel Billhofer for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and
>
> Declaration of Mario Alba Jr. in Support of the Motion of Christel Billhofer for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

                                               */s/ Mario Alba Jr.*
                                               Mario Alba Jr.

FLAMEL

Service List - 1/7/2008    (07-0241)

Page 1 of 1

**Counsel For Defendant(s)**

David F. Wertheimer
Peter J. Dennin

Hogan & Hartson LLP

875 Third Avenue

New York, NY  10022

   212/918-3000
   212/918-3100 (Fax)


**Counsel For Plaintiff(s)**

Samuel H. Rudman
David A. Rosenfeld

Coughlin Stoia Geller Rudman & Robbins LLP

58 South Service Road, Suite 200

Melville, NY  11747

   631/367-7100
   631/367-1173 (Fax)